IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES T. DAVIS, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 11-2559-JAR |
| ) | |
| NEBRASKA FURNITURE MART, INC., ) | |
| EVANS & MULLINIX, P.A., and ) | |
| JO ANN BUTAUD, ) | |
| ) | |
|       Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

The Court previously granted in part and denied in part a motion to dismiss by Nebraska Furniture Mart (NFM). The matter is now before the court on Plaintiff's Motion for Leave to Amend the Complaint (Doc. 31). Plaintiff's proposed amendment would add certain factual allegations to the original claims. Defendants' response argues the amendment should be denied as untimely and also because it is legally futile. Plaintiff did not file a reply. Because the court agrees the request is untimely and good cause for the delay has not been shown, leave to amend the complaint will be denied. In view of this finding the Court need not address Defendants' futility argument.

**I.     Leave to Amend Complaint- Standard**

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[1] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

---

[1] Fed. R. Civ. P. 15(a)(2).

deficiencies by amendment previously allowed, or futility of amendment."[2] Once the deadline for amendments in a scheduling order has passed, however, the schedule may be modified "only for good cause and with the judge's consent."[3] "To establish good cause under Rule 16(b), the moving party must show that 'it could not have reasonably met the scheduled deadline[ ]' even had it acted with due diligence."[4]

## II.     Discussion.

On April 13, 2012, the Court entered an order granting in part and denying in part NFM's motion to dismiss.  The Court found the complaint failed to state a claim for violation of the Kansas Consumer Protection Act.  The Court also dismissed Plaintiff's abuse of process claim against NFM insofar as it was based upon issuance of an October 6, 2010 bench warrant and upon NFM having conducted multiple debtor examinations.  The Court refused to dismiss the abuse of process claim, however, insofar as it was based on a February 9, 2010, garnishment by NFM.

On April 25, 2012, Plaintiff filed a Motion for Leave to Amend the Complaint. Plaintiff's memorandum states that he seeks leave to amend in order to "plead additional facts relevant to Plaintiff's claim of abuse of process and violation of the Kansas Consumer Protection Act and to generally clarify the allegations made in Plaintiff's Complaint."  The applicable scheduling order set a deadline of March 2, 2012 for motions to amend the pleadings.[5]

---

[2] *Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[3] Fed. R. Civ. P. 16(b)(4).

[4] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-cv-2381-JWL-GLR, 2011 WL 3847076, *3 (D. Kan. Aug. 29, 2011).

[5] Doc. 18 at 2.

2

Plaintiff's motion was filed past the deadline for amendments in the scheduling order. As such, he must not only satisfy the standards in Rule 15(a) but also the good cause requirement of Rule 16(b).[6] Plaintiff has identified no basis other than a desire "to plead additional facts ... and to generally clarify" the original complaint.[7] The Court concludes this is not sufficient to establish good cause for filing outside the deadline.

Plaintiff identifies no new facts he could not have included in the original complaint.[8] Nor does he offer any reason for not seeking to amend within the time permitted under the scheduling order. This is not an egregious case of delay, and Defendants identify no prejudice to them from the late request. Nor is there any suggestion of bad faith on the part of Plaintiff. But the good cause standard requires the moving party to show at least some reasonable basis for not meeting the deadline.[9] Plaintiff has offered no such basis. "Untimeliness alone is sufficient reason to deny leave to amend the complaint, especially if plaintiff fails to offer an explanation for the delay."[10]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Leave to Amend the Complaint (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**.

---

[6] *Layne Christensen*, 2011 WL 3847076 at *3.

[7] Doc. 32 at 2.

[8] *See Potts v. Boeing Co.*, 162 F.R.D. 651, 653 (D. Kan. 1995) ("where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial.").

[9] *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, *2 (D. Kan. Mar. 13, 2003).

[10] *Graphic Techs., Inc. v. Pitney Bowes, Inc.*, 998 F.Supp. 1174, 1181-82 (D. Kan. 1998).

Dated: June 28, 2012

                                         S/ Julie A. Robinson  
                                        JULIE A. ROBINSON  
                                        UNITED STATES DISTRICT JUDGE